**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIDGET WALKER, et al.,

    Plaintiffs,

v.                                                    Case No. 10-12596

CARMEN EVANS, et al.,

    Defendants.
                                          /

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On December 24, 2010, Plaintiffs filed a motion for reconsideration of the court's December 13, 2010, opinion and order granting Defendant Detroit Public School District's ("DPS") motion to dismiss. In the alternative, Plaintiffs' motion asks for a final, appealable order of the December 13, 2010, opinion. Defendant DPS, now dismissed from the matter, filed a response on February 22, 2011, pursuant to an order of the court. *See* E.D. Mich. LR 7.1(h)(2). The court will deny the motion and the alternative requested relief.

**I. STANDARD**

Eastern District of Michigan Local Rule 7.1(h)(3) dictates the standard for evaluating a motion for reconsideration.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Any defect must be palpable and misleading, and the motion cannot merely reargue matters already decided.  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).  "The purpose of a motion for reconsideration is *not* 'to give an unhappy litigant one additional chance to sway the judge.'" *Fulghen v. Potter*, No. 10-11148, 2011 WL 761499, at *1 (E.D. Mich. Feb. 25, 2011) (emphasis added) (quoting *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000)).

"[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b). "Under Rule 54(b), a party may appeal a district court order prior to the ultimate disposition of a case, but the district court is first required to certify that the order is appealable."  *Downie v. City of Middleburg Heights*, 301 F.3d 688, 692 (6th Cir. 2002) (footnote omitted).  This certification requires both the express direction of an entry of final judgment, and a finding that there is no just reason for delay.  *Id.* at 693.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiffs' motion is directed solely toward the court's rejection of its "state-created danger" § 1983 theory of municipal liability; Plaintiffs do not dispute in their motion the court's dismissal of the "custom of inaction" or "custodial relationship" theories.  Plaintiffs aver they would file a third amended complaint if permitted by the court that would purportedly cure the defects that subjected the second amended

complaint to dismissal. (Mot. 3-4, 9, 12.) Despite their failure to file any motion to that effect, Plaintiffs' motion for reconsideration describes some of the facts that would be alleged in that complaint. They would plead that "after the merger between Redford High School and Henry Ford High School, the amount of gang violence between ABC gang and XYZ gang dramatically increased," that the increase was caused by the merger, and that this was known prior to the merger. (*Id.*) They would also plead facts in support of the otherwise bald conclusion of law that DPS officials knew that the merger would increase the risk of violence. (*Id.* at 9.) Thus, Plaintiffs assert that this third amended complaint could satisfy the three elements of the state-created danger doctrine: 1) an affirmative act that increased the risk of harm by a third party; 2) a specifically-defined group placed at risk by a special danger; and 3) the state actor knew or should have known the affirmative act would endanger the plaintiff. *See Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006).

In response, DPS uses most of its brief to argue that it is undisputed that the shooting underlying this action took place off school grounds, and therefore Plaintiffs' claims fail for lack of proximate cause.[1] (Resp. 2-4.) DPS also contends that "gang violence was occurring before the schools were merged." (*Id.* at 2.)

Plaintiffs have not shown a palpable defect by which the court has been misled. In fact, most of Plaintiffs' arguments do not suggest any defect at all. Rather, Plaintiffs' arguments are almost entirely directed toward either "present[ing] the same issues ruled upon by the court" or asserting a third amended complaint could remedy the basis for

---

[1] Because proximate cause was not the basis for dismissal, the court has no occasion to consider the issue in reviewing Plaintiffs' motion for reconsideration.

3

dismissal of the second amended complaint.  For example, Plaintiffs' assertions that a student body is a specifically-defined group, (Mot. 13-17), and that the complaint states a plausible claim of an affirmative act, (Mot. 10-12), are transparent attempts to relitigate already-decided issues.  As is made clear by Local Rule 7.1(h)(3), in resolving a motion for reconsideration, the court will only consider arguments indicating a defect, and not those that have already been decided or those that would be properly found only in a motion to amend the complaint.[2]

The court can locate only two alleged defects in Plaintiffs' nineteen-page motion for reconsideration.  First, Plaintiffs argue that the court "engaged in impermissible factfinding when it held that DPS merely returned Plaintiffs to a preexisting danger." (Mot. 8-12.)  The court disagrees.  The court found no facts in its analysis of whether Plaintiffs had properly pleaded the affirmative act element.  (*See* 12/13/10 Op. and Order 14-15.)  Instead, the court analyzed the plain language of the four corners of the second amended complaint in light of Plaintiffs' counsel's concessions at oral argument,

---

[2] To this day, Plaintiffs have not moved to amend the complaint, nor have they submitted to the court a proposed third amended complaint.  It is unlikely that such a motion, if filed now, would be timely.  Nor is it likely that the third amended complaint, as described, could survive on the merits.  It is *possible* that the facts alleged in the motion for reconsideration could remedy the defects in Plaintiffs' pleading of the first and third—the "affirmative act" and scienter—elements.  However, while Plaintiffs disagree with the court's ruling on the second element—a special danger to a specifically-defined group—they do not suggest a new complaint could narrow the group so as to avoid dismissal.  Their contention that an alternate specifically-defined group is that comprised of gang members, their friends, and bystanders, is not to the contrary, because Plaintiffs do not allege Plaintiffs or the deceased were in a gang or were friends of gang members.  (*See* Mot. 16-17.)  Further, the court harbors skepticism over whether Plaintiffs may simply plead around the court's holding with regard to this second element by changing the specifically-defined group from the "student body" to "gang members, their friends, and bystanders."  *See Jones*, 438 F.3d at 697 (collecting and comparing cases).  In any event, because the question is not before the court, the court does not decide it.

and concluded that Plaintiffs had not pleaded any increase in gang-related violence, let alone a plausible claim of an increase in violence.

Similarly, Plaintiffs' related allegation of error, that the court did not draw all permissible inferences in Plaintiffs' favor, (Mot. 8-12), also must be rejected. Under *Iqbal* and *Twombly*, as explained in the court's opinion and order, the complaint must contain "more than conclusions" of law and "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The second amended complaint does not allege an *increase* in gang-related violence, let alone plead facts in support of that increase. The legal direction to draw inferences in Plaintiffs' favor does not allow the court to rewrite the complaint or to fabricate factual support for skimpy legal conclusions. *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable . . . ." (emphasis added).) Under *Iqbal*, Plaintiffs' claims against DPS were not plausible, and therefore there was no defect in dismissing DPS. The motion must be denied.

## B. Rule 54(b)

The court declines to certify that its December 13, 2010, opinion and order is a final appealable order or judgment as is authorized by Rule 54(b). Contrary to Plaintiffs' assertions, the court finds that efficiency in this case is best served by first resolving all claims against all Defendants before any appeal. Therefore, the court *cannot* "expressly determine[] that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' "Motion for Reconsideration" [Dkt. # 19] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 23, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 23, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522