**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIDGET WALKER, Personal Representative
of the Estate of Christopher Walker, et al.,

        Plaintiffs,

                                          Case No. 2:10-cv-12596

v.

CARMEN EVANS, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' "MOTION TO COMPEL," EXTENDING DISCOVERY, AND SETTING TELEPHONE CONFERENCE**

Pending before the court is Plaintiffs' motion to compel discovery, which requests a court order compelling Defendants to answer previously served interrogatories and requests to produce. At the court's direction, Defendants have filed a response to the motion, and the court held a hearing on the motion on October 12, 2011.

On May 11, 2011, Plaintiffs served on Defendants a set of fifteen interrogatories and nine requests to produce. Defendants failed to serve its answers and objections within thirty days as required by Federal Rule of Civil Procedure 33 and still has not done so, even though Plaintiffs brought up the issue in an August 19, 2011 telephone conference with the court and claim to have made numerous other inquiries of Defendants. (Pl.'s Mot. Compel ¶¶ 5-9.) On September 16, 2011, Plaintiffs filed this motion to compel Defendants to produce the requested discovery.

In Defendants' response and at the motion hearing, Defendants' attorney indicated he had been working to compile answers to Plaintiffs' interrogatories and

procure documents responsive to their requests to produce, noting that he had already secured the requested documentation regarding the October 16, 2008 shooting incident on which Plaintiffs base their claims.  However, he also cited numerous challenges as in-house counsel for the Detroit Public Schools—a district currently under emergency management—including depleted resources, a shortage of support staff, and a heavy trial schedule.  These challenges, he claimed, have prevented him from serving answers to Plaintiffs' interrogatories and requests to produce in a timely fashion.  Additionally, Defendants' counsel objected to some of Plaintiffs' requests to produce as overly broad and irrelevant to the parties and claims that remain in this suit.

The court agrees with Defendants that some of Plaintiffs' requests to produce are not "relevant to any party's claim or defense" and not "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).  Specifically, requests one through five, to the extent they ask for materials originating after the October 16, 2008 shooting incident, and request eight appear relevant only to the claims Plaintiffs initially alleged against the Detroit Public School District, which the court has dismissed as a defendant in this action.  (*See* 12/13/10 Order.)  Therefore, the court will grant in part Plaintiffs' motion to compel by ordering Defendants to provide answers to all interrogatories, any documents dating from September 1, 2007 through October 16, 2007 that are responsive to Plaintiffs' requests to produce numbers one through five, and any documents, regardless of date, that are responsive to requests to produce numbers six, seven, and nine.  Given the difficulties with collecting the requested discovery detailed by Defendants' attorney in his response and at the hearing, the court

will impose a schedule, laid out below and agreed to by Defendants' counsel at the hearing, for production over the next eight weeks.

Finally, the court notes that the scheduled end of discovery in this case was October 12, 2011. However, at the hearing, both Plaintiffs' counsel and Defendants' counsel stated that they would like to take additional depositions. Namely, Defendant wishes to depose Plaintiff Malik Slater and Plaintiff wishes to depose Defendant Colin Lowery, both of whom had been largely unreachable prior to October 12, 2011. Therefore, the court will extend discovery for an additional eight weeks, with the expectation that all parties will be able to complete any remaining discovery during that time. After the expiration of that eight-week period, the court will hold a telephone conference with the parties; any requests to further extend discovery for good cause or due to extraordinary circumstances will be entertained at that time.

Accordingly, for the reasons stated above and on the record at the October 12, 2011 hearing,

IT IS ORDERED that Plaintiffs' "Motion to Compel" [Dkt. # 50] is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that Defendants shall: **immediately** produce all materials that are responsive to Plaintiffs' requests to produce number six, seven, and nine; produce answers to Plaintiffs' interrogatories by **November 9, 2011**; and produce all materials dating from September 1, 2007 through October 16, 2008 that are responsive to Plaintiffs' requests to produce numbers one through five by **December 7, 2011**. It is DENIED in that Defendants need not produce materials dated

after October 16, 2008, in response to Plaintiffs' requests to produce numbers one through five or any materials in response to Plaintiffs' request to produce number eight.

IT IS FURTHER ORDERED that discovery in this case shall extend to **December 7, 2011**.

IT IS FURTHER ORDERED that the parties shall participate in a telephone conference on **December 8, 2011, at 2:30 p.m.** The court will place the telephone call. The parties shall be prepared to discuss any remaining discovery issues as well as a proposed trial schedule.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: October 14, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 14, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522